JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Appellant, the State of Ohio, appeals the dismissal of escape charges brought pursuant to R.C. 2967.28, the post-release control statute. The trial court dismissed the charges based on this Court's ruling in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74257, unreported, which found R.C. 2967.28 unconstitutional. On appeal, the State claims that the Ohio Supreme Court reversed Jones and found R.C. 2967.28 to be constitutional in Woods v. Telb (2000), 89 Ohio St.3d 504. After careful review, we reverse and remand with instructions.
This appeal relates to the indictment of defendant-appellee, Max H. Dunaway for escape in violation of R.C. 2921.34. The escape charge resulted from defendant's alleged failure to comply with the post-release control provisions of his sentence in CR-354819.
On February 2, 2000, defendant filed a motion to dismiss that was granted by the trial court under the precedent of Jones, supra. It is from this decision that the State appeals and assigns a single error for our review:
 I. R.C. 2967.28(B) DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE OR THE DUE PROCESS CLAUSES OF THE UNITED STATES OR OHIO CONSTITUTIONS.
In its sole assignment of error, the State contends that the trial court erred in dismissing the escape charges against defendant since on August 3, 2000, the Ohio Supreme Court found R.C. 2967.28 to be constitutional in Woods v. Telb, supra. In response, defendant contends, among other reasons, that the escape charges were properly dismissed because the trial court did not impose post-release control as part of his original sentence in CR-354819 from which the instant case arose. Thus, defendant argues that the post-release control and the related escape charge is unconstitutional as applied to him.
In Woods, supra, the Court found that R.C. 2967.28 does not violate the separation of powers doctrine or the due process clauses of either the United States or Ohio Constitutions. Id. The Court emphasized, however, that in order to be considered constitutional the offender must be given notice of the post-release control at the time of the original sentence. Id. at 513. Specifically, the trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Id. With these qualifications, the Supreme Court reversed and remanded Jones for a judgment consistent with Woods. Here, the trial court dismissed the escape charges against defendant based solely upon this Court's decision in Jones that R.C.2967.28 was unconstitutional. Therefore, at the time of the dismissal hearing, the trial court never reached the purely factual issue of whether the court had notified defendant of the post-release control at the time of his plea or sentence in CR-354819.
Defendant submitted the sentencing journal from CR-354819 for our review which does not refer to post-release control.[1] However, this standing alone is not dispositive of the issue because the Ohio Supreme Court clearly stated in Woods that the offender could be informed of post-release control at sentencing or at the time of a plea hearing. Id. at 513. Accordingly, in these cases, where it is not evident from the sentencing journal, it appears that the trial court must look at transcripts of the original sentencing or plea hearings to determine whether the offender was informed about post-release control.
Accordingly, we remand this case to the trial court for further proceedings consistent with our opinion. Specifically, we direct the trial court to review the entire record from CR-354819 to determine whether defendant was informed at the time of the plea or sentencing hearing that post-release control was part of his sentence in that case.
Judgement reversed and remanded with instructions.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control as required by Woods, supra.